IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-223-D

| | |
|---|---|
| INFERNAL TECHNOLOGY, LLC, ) | |
| and TERMINAL REALITY, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| UBISOFT, INC., and UBISOFT ) | |
| ENTERTAINMENT SA., ) | |
| ) | |
| Defendants. ) | |

On May 27, 2020, Infernal Technology, LLC ("Infernal") and Terminal Reality, Inc. ("Terminal") (collectively, "plaintiffs") filed a complaint against Ubisoft, Inc. and Ubisoft Entertainment SA (collectively, "defendants") alleging infringement of two patents [D.E. 1]. On November 12, 2020, defendants moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [D.E. 22] and filed a memorandum in support [D.E. 23]. On December 28, 2020, plaintiffs responded in opposition [D.E. 27]. On January 15, 2021, defendants replied [D.E. 28]. On January 28, 2021, plaintiffs filed a surreply with the court's permission [D.E. 29-1, 40]. As explained below, the court grants in part and denies in part defendants' motion to dismiss and permits plaintiffs to file an amended complaint.

I.

Terminal is a limited liability company based in Texas that develops video games and graphics engines used to make video games. See Compl. [D.E. 1] ¶ 2. This case concerns two patents Terminal owns and licenses to other video game developers for use in making video games.

See id. The first patent is U.S. Patent No. 6,362,822 (the "'822 patent"). See Ex. 1 [D.E. 1-1]. The second patent is U.S. Patent No. 7,061,488 (the "'488 patent"). See Ex. 2 [D.E. 1-2]. The '488 patent is a continuation-in-part of the '822 patent. See Compl. ¶ 15. Both patents cover a specific technique for rendering the application of light to a three-dimensional scene in a video game. See id. ¶¶ 48, 53; Ex. 1 [D.E. 1-1] 2; Ex. 2 [D.E. 1-2] 2. The U.S. Patent Trial and Appeal Board has judged both patents to be valid, see Compl. ¶¶ 17–18, and both patents expired on March 12, 2019. See [D.E. 23] 1; [D.E. 27] 8 n.2.[1]

Infernal is a limited liability company based in Texas. See Compl. ¶ 1. In June 2014, June 2015, and May 2020, Terminal and Infernal entered into a series of agreements granting Infernal an exclusive right to use and enforce numerous patents owned by Terminal, including the '822 and '488 patents. See id. ¶ 2.

Ubisoft, Inc. is a corporation organized under California law with a principal place of business in San Francisco, California. See id. ¶ 3. Ubisoft Entertainment SA is a company organized under French law, and its principal place of business is in France. See id. ¶ 4. Defendants create, market, and sell video games throughout the United States, including in North Carolina. See id. ¶¶ 8–10, 19–47.

Defendants' video games run on software called game engines. See id. ¶ 48. Plaintiffs allege that at least 13 of defendants' video games use at least one game engine that violates the '822 and '488 patents. See id. ¶¶ 48–49; Ex. 3 [D.E. 1-3] ('822 claim sheet); Ex. 4 [D.E. 1-4] ('488 claim sheet).[2] Specifically, plaintiffs allege that defendants use their infringing game engines to render

---

[1] The expiration of the patents does not preclude this lawsuit. Cf. 35 U.S.C. § 286.

[2] The complaint incorporates these exhibits by reference. See Compl. ¶¶ 54, 68.

2

light and shadow in their video games, that the renderings are displayed on a computer screen, and that defendants have tested and demonstrated these video games. See id. ¶¶ 10, 51–76.

On May 27, 2020, plaintiffs filed this patent infringement action against defendants. See Compl. On November 12, 2020, defendants filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [D.E. 22]. Defendants contend that plaintiffs failed to state a claim by not plausibly alleging compliance with the marking requirement in 35 U.S.C. § 287(a). See id.; [D.E. 23] 4–9. Plaintiffs disagree. See [D.E. 27] 10–19.

II.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarrantano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[] [his] claims, Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

3

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court may also consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity" without converting the motion into one for summary judgment. Goines, 822 F.3d at 166. "[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached . . . the exhibit prevails." Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). A court may also consider "matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The parties' arguments center on the marking statute in 35 U.S.C. § 287(a). It provides, in relevant part, that patentees, or those making or selling patented items or items made under them, "may give notice to the public that the same is patented, either by fixing thereon the word 'patent,'" or an appropriate abbreviation, along with an address to a website "that associates the patented article with the number of the patent." 35 U.S.C. § 287(a). When such marking is not feasible, the patentee may mark the packaging. See id. "In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." Id.[3]

---

[3] The statute also provides that filing "an action for infringement shall constitute such notice." 35 U.S.C. § 287(a). The parties agree that the patents at issue have expired and plaintiffs are limited to pre-suit damages. See [D.E. 23] 2; [D.E. 27] 8 n.2. Thus, this form of notice does not apply.

4

Under the marking statute, a party may give actual or constructive notice, but it must give such notice as "a prerequisite to the patentee's right to recover damages." Dunlap v. Schofield, 152 U.S. 244, 248 (1894). Thus, "a party that does not mark a patented article is not entitled to damages for infringement prior to actual notice." Crown Packaging Tech., Inc. v. Rexam Beverage Can Co., 559 F.3d 1308, 1316 (Fed. Cir. 2009). Failure to comply with the notice requirement only precludes recovery of damages "for any time prior to compliance." Am. Med. Sys., Inc. v. Med. Eng'g Corp., 6 F.3d 1523, 1537 (Fed. Cir. 1993). However, "recovery of damages is not limited . . . where there are no products to mark." Tex. Digit. Sys., Inc. v. Telegenix, Inc., 308 F.3d 1193, 1220 (Fed. Cir. 2002), abrogated on other grounds by Phillips v. AWH Corp., 415 F.3d 1303 (Fed. Cir. 2005).

The duty of pleading "and the burden of proving either [actual or constructive notice] is upon the plaintiff." Dunlap, 152 U.S. at 248; see Arctic Cat Inc. v. Bombardier Recreational Prods., Inc., 876 F.3d 1350, 1366 (Fed. Cir. 2017); Maxwell v. J. Baker, Inc., 86 F.3d 1098, 1111 (Fed. Cir. 1996). However, "an alleged infringer who challenges the patentee's compliance . . . bears an initial burden of production to articulate the products it believes are unmarked" articles subject to the marking statute. Arctic Cat, 876 F.3d at 1368. Even so, "[t]he burden of proving compliance with marking is and at all times remains on the patentee." Id. at 1367.

The marking requirement does not apply to all patents, including "where the patent is directed to a process or method." ActiveVideo Networks, Inc. v. Verizon Commc'ns., Inc., 694 F.3d 1312, 1334 (Fed. Cir. 2012); Crown Packaging, 559 F.3d at 1316; Bandag, Inc. v. Gerrard Tire Co., 704 F.2d 1578, 1581 (Fed. Cir. 1983). The marking statute's applicability also depends on what the plaintiff asserts in the complaint. When a patent contains both process or method claims and some other kind of claim (such as an apparatus claim), the marking statute applies differently when the patentee asserts infringement of the process or method as opposed to infringement of all the patent's

5

claims. "Where the patent contains both apparatus and method claims . . . to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions of section 278(a)." Am. Med. Sys., 6 F.3d at 1538–39; see ActiveVideo, 694 F.3d at 1334. Accordingly, where there is a tangible item connected to a patent containing both method and apparatus claims that can be marked, it must be. See ActiveVideo, 694 F.3d at 1334; Crown Packaging, 559 F.3d at 1317; Am. Med. Sys., 6 F.3d at 1538–39. But where a patent contains both method and apparatus claims, and "the patentee only assert[s] method claims," the marking statute does not apply. Crown Packaging, 559 F.3d at 1317; see State Contracting & Eng'g Corp. v. Condotte Am., Inc., 346 F.3d 1057, 1074 (Fed. Cir. 2003); Hanson v. Alpine Valley Ski Area, Inc., 718 F.2d 1075, 1082–83 (Fed. Cir. 1983). Thus, the Federal Circuit has "specifically noted a distinction between cases in which only method claims are asserted to have been infringed and cases . . . where [the patentee] alleged infringement of all its apparatus and method claims." Devices for Med., Inc., v. Boehl, 822 F.2d 1062, 1066 (Fed. Cir. 1987). In contrast, where a plaintiff asserts both method and apparatus claims, the marking statute applies to both claims. See ActiveVideo, 694 F.3d at 1334; Crown Packaging, 559 F.3d at 1317; Am. Med. Sys., 6 F.3d at 1539.

### III.

The court analyzes each asserted patent separately. See State Contracting & Eng'g, 346 F.3d at 1074 ("[W]e look to the asserted patents independently.").

### A.

Defendants recognize that "[p]laintiffs chose not to assert apparatus claims [under the '822 patent] in the [c]omplaint," but rather plaintiffs only asserted method claims. [D.E. 23] 6; see Compl. ¶ 61 (alleging that "[t]he duty to mark under 35 U.S.C. § 287 is inapplicable to the asserted

6

method claims of the '822 patent"). The parties dispute which cases govern that choice. Defendants argue Crown Packaging is inapplicable and instead American Medical and ActiveVideo apply given those cases say the "marking statute 'applies to all the claims' in a patent containing apparatus and method claims." [D.E. 23] 7. Both American Medical and ActiveVideo affirm the rule that "if a single patent contains both apparatus claims and method claims, the marking requirement applies to all claims," provided "there is a tangible item to mark by which notice of the asserted method claims can be given." ActiveVideo, 694 F.3d at 1334–35 (internal quotation omitted); see Am. Med. Sys., 6 F.3d at 1538–39. Defendants argue that once one of plaintiffs' video games is loaded onto a computer screen using a game engine with one of plaintiffs' patents, there is a tangible item that plaintiffs can mark under the statute. See [D.E. 28] 7. Defendants also argue that allowing plaintiffs to assert only method claims under the '822 patent would frustrate the purpose of the marking statute. See id. at 7–10. Plaintiffs disagree. See [D.E. 27] 13–14.

The court rejects defendants' arguments. Plaintiffs have only alleged that defendants infringed method claims under the '822 patent. See Compl. ¶ 61. When a patentee has only asserted method claims, the marking statute does not apply. See Crown Packaging, 559 F.3d at 1317; State Contracting & Eng'g, 346 F.3d at 1074; Devices for Med., 822 F.2d at 1066; Hanson, 718 F.2d at 1082–83. Indeed, plaintiffs allege in their complaint that the marking statute does not apply to their method claims for the '822 patent. See Compl. ¶ 61. Although a plaintiff-patentee must plead compliance with the marking statute, see Dunlap, 152 U.S. at 248; Arctic Cat, 876 F.3d at 1366, a plaintiff-patentee need not plead compliance with an inapplicable statute. See Tex. Digit., 308 F.3d at 1120. Thus, based on the facts pleaded in plaintiffs' complaint concerning the '822 patent and the inapplicability of the marking statute to those claims, plaintiffs validly state claims under the '822 patent.

7

American Medical and Active Video do not require a different result. In Crown Packaging, the Federal Circuit distinguished American Medical because the patentee in American Medical asserted both method and apparatus claims. See Crown Packaging, 559 F.3d at 1317. In contrast, the plaintiff in Crown Packaging "only asserted method claims despite the fact that the patent contained both method and apparatus claims." Id. Because the facts in Crown Packaging were "identical" to those in Hanson, the Federal Circuit was "therefore bound by" Hanson. See id. at 1316. Moreover, in Hanson, the Federal Circuit held that the marking requirement does "not apply where the patentee only asserted the method claims of a patent which included both method and apparatus claims." Id.; see Hanson, 718 F.2d at 1082–83. Similarly, ActiveVideo does not help defendants because the patents there involved one patent that contained only method claims and three patents that contained only apparatus claims. None contained both. See ActiveVideo, 694 F.3d at 1334. Because this court must assess each of the asserted patents independently, see State Contracting & Eng'g, 346 F.3d at 1074, and because the plaintiffs have only asserted method claims from the '822 patent, Crown Packaging and Hanson control.

Defendants also argue that applying Crown Packaging to this case would "entirely undercut" the "policies behind the marking statute." [D.E. 23] 7. According to defendants, if a party can avoid complying with the marking statute but still enforce a patent in litigation, the party arguably defeats the marking statute's purposes of "1) helping to avoid innocent infringement; 2) encouraging patentees to give notice to the public that the article is patented; and 3) aiding the public to identify whether an article is patented." Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., 853 F.3d 1370, 1383 (Fed. Cir. 2017) (quotation omitted); see Nike, Inc. v. Wal-Mart Stores, Inc., 138 F.3d 1437, 1443 (Fed. Cir. 1998). The marking statute, however, is permissive, not mandatory. See 35 U.S.C. § 287(a) (using a permissive "may"). The marking statute then polices lack of compliance

by precluding the recovery of damages for the time period of noncompliance. See Dunlap, 152 U.S. at 248; Crown Packaging, 559 F.3d at 1316; Am. Med. Sys., Inc., 6 F.3d at 1537. Thus, the court rejects the defendants' policy arguments.

Finally, the Federal Circuit has distinguished "between cases in which only method claims are asserted to have been infringed and cases . . . where [the patentee] alleged infringement of all its apparatus and method claims." Devices for Med., 822 F.2d at 1066. This court follows that distinction here. See, e.g., Power Integrations, Inc. v. ON Semiconductor Corp., 396 F. Supp. 3d 851, 861 (N.D. Cal. 2019); Intell. Ventures II LLC v. Sprint Spectrum, L.P., No. 2:17-CV-00662-JRG-RSP, 2019 WL 2959568, at *2 (E.D. Tex. Apr. 18, 2019) (unpublished), report and recommendation adopted, 2019 WL 1987204 (E.D. Tex. May 6, 2019) (unpublished); Unwired Planet, LLC v. Apple Inc., No. 13-cv-04134-VC, 2017 WL 1175379, at *4 (N.D. Cal. Feb. 14, 2017) (unpublished); ContentGuard Holdings, Inc. v. Amazon.com, Inc., No: 2:13-CV-1112-JRG, 2015 WL 11089750, at *2 (E.D. Tex. Aug. 10, 2015) (unpublished). Accordingly, the court denies defendants' motion to dismiss plaintiffs' claims concerning the '822 patent.

B.

Defendants note that plaintiffs allege infringement of both apparatus and method claims under the '488 patent via the incorporation of the claims sheet in Exhibit 4 accompanying the complaint. See [D.E. 23] 6. Defendants then argue that plaintiffs had to comply with the marking statute for both the apparatus and method claims in the '488 patent. See id. Plaintiffs respond that their allegation in the complaint that the marking statute is inapplicable to the '488 patent suffices. See [D.E. 27] 16; cf. Compl. ¶ 76 (alleging that "[t]he duty to mark under 35 U.S.C. § 287 is inapplicable to the asserted claims of the '488 Patent"). Plaintiffs also contend it is uncertain they "cannot prove any set of facts in support of their claim." [D.E. 27] 16. Moreover, plaintiffs argue

9

that after alleging the marking statute was inapplicable, the burden shifted to defendants to identify specific products that plaintiffs sold without the proper marking. See id. at 17–19.

The court rejects plaintiffs' arguments and holds that plaintiffs had to plead compliance with the marking statute concerning its claims under the '488 patent. Unlike its claims that defendants infringed the '822 patent, plaintiffs do not limit their allegations only to infringements of the method claims in the '488 patent but instead assert both method and apparatus claims. See Ex. 4 [D.E. 1-4]; compare Compl. ¶ 61 (noting the marking statute "is inapplicable to the asserted method claims of the '822 Patent" (emphasis added)) with id. ¶ 76 (noting the marking statute "is inapplicable to the asserted claims of the '488 Patent" (emphasis added)).

By asserting both method and apparatus claims under the '488 patent, plaintiffs had to comply with the marking requirement as to both claims, unless there was no tangible item to mark. See ActiveVideo, 694 F.3d at 1334; Crown Packaging, 559 F.3d at 1317; Am. Med. Sys., 6 F.3d at 1539. Plaintiffs did not do so. Instead, plaintiffs alleged that the marking statute did not apply to their claims under the '488 patent. See Compl. ¶ 76. That allegation is a legal conclusion. At the motion to dismiss stage, this court need not accept a plaintiff's legal conclusions as true. See Iqbal, 556 U.S. at 678–79; Giarrantano, 521 F.3d at 302. Moreover, plaintiffs' legal conclusion that the marking statute does not apply to their claims under the '488 patent is incorrect, and plaintiffs have failed to allege any facts suggesting they complied with the marking statute or that no tangible item exists to mark.

In opposition, plaintiffs contend it is uncertain they "cannot prove any set of facts in support of their claim." [D.E. 27] 16. To be sure, because plaintiffs' patents involve software, maybe there is some set of facts showing there is no tangible item to mark, thus removing plaintiffs from the holding in American Medical and ActiveVideo. See Am. Med. Sys., 6 F.3d at 1538–39;

10

ActiveVideo, 694 F.3d at 1334. But whether such a set of facts might exist—a question this court does not address—is irrelevant. Plaintiffs have only alleged a legal conclusion. And their arguments opposing defendants' motion to dismiss identify no facts in their complaint as supporting their legal conclusion that the marking statute is inapplicable to their claims under the '488 patent. Accordingly, based on the facts pleaded in the complaint, plaintiffs would be precluded from recovering damages at trial, even if they proved infringement. See Dunlap, 152 U.S. at 248; Crown Packaging, 559 F.3d at 1316; Am. Med. Sys., 6 F.3d at 1537.

The court also rejects plaintiffs' argument that defendants bear a burden of persuasion that they have failed to meet. "[A]n alleged infringer who challenges the patentee's compliance with § 287 bears an individual burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." Arctic Cat, 876 F.3d at 1368. An alleged infringer can satisfy this "low bar" by putting "the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." Id. Defendants cleared this low bar by arguing that plaintiffs' video games listed in the plaintiffs' complaint were unmarked products. See [D.E. 23] 5 n.2; cf. 31A C.J.S. Evidence § 189 (Aug. 2021) ("The burden of proof is satisfied by actual proof of the facts of which proof is necessary, regardless of which party introduces the evidence.").

But even if defendants did not meet their burden, the outcome does not change. Defendants' burden does not obviate plaintiffs' burden of pleading facts demonstrating compliance with the marking statute to show plaintiffs will be entitled to damages should they prevail at trial. See Dunlap, 152 U.S. at 248; Crown Packaging, 559 F.3d at 1316; Am. Med. Sys., 6 F.3d at 1537. Without meeting their own burden, plaintiffs have failed to state a claim upon which this court can

11

grant relief. Accordingly, the court grants defendants' motion to dismiss plaintiffs' claims under the '488 patent.

Plaintiffs have requested leave to file an amended complaint, should the court grant all or part of defendants' motion to dismiss. See [D.E. 27] 19 n.6. Dismissal under Rule 12(b)(6) is "with prejudice unless [the court] specifically orders dismissal without prejudice. That determination is within the district court's discretion." Carter v. Norfolk Cmty. Hosp. Ass'n, Inc., 761 F.2d 970, 974 (4th Cir. 1985); see Armstrong v. City of Greensboro, No. 1:15CV282, 2016 WL 1312037, at *2 (M.D.N.C. Mar. 31, 2016) (unpublished). "A dismissal under Rule 12(b)(6) generally is not final or on the merits and the court normally will give plaintiff leave to file an amended complaint." Ostrzenski v. Seigel, 177 F.3d 245, 252–53 (4th Cir. 1999) (quotation and emphasis omitted); see Armstrong, 2016 WL 1312037, at *2. This case involves software and plaintiffs might be able to allege facts showing no tangible item exists to mark.[4] Accordingly, the court dismisses the '488 patent claims without prejudice. Plaintiffs may file an amended complaint by September 30, 2021. Cf. Rembrandt Wireless, 853 F.3d at 1382–84.

## IV.

In sum, the court GRANTS defendants' motion to dismiss [D.E. 22] claims alleging infringement of the '488 patent, DENIES defendants' motion to dismiss claims alleging infringement of the '822 patent, and DISMISSES WITHOUT PREJUDICE the portion of plaintiffs' complaint pertaining to the claims under the '488 patent [D.E. 1]. Plaintiffs may file an amended complaint not later than September 30, 2021. The court DENIES WITHOUT PREJUDICE the joint motion

---

[4] Defendants argue that because the '822 patent claims end by requiring the display of an image on a computer screen, the screen is a tangible item plaintiffs can mark. See [D.E. 23] 8; [D.E. 28] 7. Defendants, however, cite no authority for this proposition, and the court declines to dismiss the '488 patent claims with prejudice on that basis alone.

12

to stay [D.E. 48]. The parties may renew the motion to stay after the plaintiffs file an amended complaint or after September 30, 2021, if plaintiffs do not file an amended complaint.

SO ORDERED. This _3_ day of September, 2021.

_/s/ Dever_\
JAMES C. DEVER III\
United States District Judge